GEORGE W. GILCHRIST and others

*vs.*

A. V. PARTRIDGE and others.

Waldo.    Opinion February 25, 1882.

*Shipping.   Contract. . Consideration.   Recoupment.   Evidence.*

When stores are furnished a vessel, about to depart on a foreign voyage, under an agreement with the owners that the bill is to be paid at the completion of the voyage, and the parties furnishing agree to keep the vessel insured to the amount of the bill of stores, the agreement to insure is binding only during that voyage, or to the time when it was agreed that the payment of the bill was to be made; and if at the completion of the voyage (the bill not being paid) the same parties agree to keep the bill insured, such agreement would in no way be a part of the original contract, and damages sustained by reason of its breach would not be a proper matter of recoupment in an action against the owners for the amount of the bill.

The deposition of a party may be offered in evidence to show an admission of his liability though the deponent is present in court.

ON EXCEPTIONS and motion.

Assumpsit against the owners of the bark, Emma L. Partridge, on account annexed for ship stores, etc. amounting to $2708.11.

Plea, general issue, with brief statement setting up an agreement on the part of plaintiffs to keep the vessel (which had been lost) insured to the amount of the bill.

Verdict for plaintiff, $1908.86.

The material facts are stated in the opinion.

*A. P. Gould,* and *Joseph Williamson* for the plaintiff, cited: .*Bowen* v. *Peters,* 71 Maine, 463; *Sawyer* v. *Mayhew,* 51 Maine, 398; *Folsom* v. *Merchant's Ins. Co.* 38 Maine, 414; *Winthrop Bank* v. *Jackson,* 67 Maine, 570; Sedg. Damages, .541 [444]; *Sawyer* v. *Wiswell,* 9 Allen, 39; *Bartlett* v. *Farrington,* 120 Mass. 284; *Mayberry* v. *Leach,* 58 Ala. 339; *Foster* v. *U. S. Ins. Co.* 11 Pick. 85; *Blanchard* v. *Waite,* 28 Maine, 51; *Sawyer* v. *Freeman,* 35 Maine, 542.

*Wm. H. Fogler* and *Geo. E. Johnson,* for the defendants.

The defendants claimed that by the original contract the plaintiffs agreed to keep their bill insured, and the time was not

stated. The plaintiffs claimed that they agreed to keep the bill insured only during the voyage. Here was a question of fact for the jury which was taken from them by the instruction of the presiding justice to return a verdict for the plaintiff. *Heath* v. *Jaquith*, 68 Maine, 433.

The defendants can recoup or set-off the damages they sustained by the failure of the plaintiffs to insure. *Sawyer* v. *Wiswell*, 9 Allen, 42; *Dorr* v. *Fisher*, 1 Cush. 275; *Harrington* v. *Stratton*, 22 Pick. 517; *Carey* v. *Guillow*, 105 Mass. 18; *Hill* v. *Southwick*, 9 R. I. 299.

The deposition of Partridge was not admissible as a deposition for he was in court. R. S., c. 107, § 17.

Nor as an admission of a part owner. *Wallace* v. *Cox*, 36 Maine, 95; *Page* v. *Swanton*, 39 Maine, 400; 1 Greenl. Ev. § 177.

LIBBEY, J. A. V. Partridge, master and part owner of the bark Emma L. Partridge, being about to sail from New York on a foreign voyage, bought of the plaintiffs, on account of the owners of the bark, the goods for which this action is brought. After the evidence was out on both sides there ceased to be any controversy as to the plaintiffs' right to recover unless the defendants had a defence on the ground claimed by them.

They claimed that when the bill of goods was bought, as a part of the transaction—a part of the consideration for the purchase—the plaintiffs agreed to keep the bark insured to the amount of their account, as security for its payment, till it should be paid; and that on her last voyage from Liverpool to Matanzas, when she was lost, they did not insure her. They claim to recoup the damages which they sustained thereby.

The presiding judge ordered a verdict for the plaintiffs. The defendants claim that there was evidence for the jury upon the issue raised, and that, therefore, they are aggrieved by the direction of the judge. If there was any evidence, which, if true, giving it its full probative force, would authorize the jury to find for the defendants, in whole or in part, the direction was wrong. *Heath* v. *Jaquith*, 68 Maine, 433.

At the time the goods were bought the bark was to sail to Port Natal, thence to Java, and then return to Boston, and it

was agreed that the goods should be paid for on the termination of the voyage. Partridge, the only witness called to support the defendants' theory, testified in substance that White, one of the plaintiffs, with whom the contract of purchase was made, wanted to assume the right to insure the bill himself, so that, in case of loss, he would not have any trouble to get his pay ; but that nothing was said as to the length of time or voyages for which the insurance was to continue. Assuming this testimony to be true we think it would not authorize the inference that, if the defendants declined or refused to pay the bill on the return of the bark to Boston, the plaintiffs would be bound to continue to insure indefinitely till the defendants might see fit to pay. It could not have been in the contemplation of either party that the insurance should thus be continued. At most it could bind the plaintiffs to insure only to the termination of the voyage when the bill become payable. There is no claim made that the plaintiffs did not insure during that voyage.

On his return to Boston in April, 1878, Partridge was requested to pay the bill, but declined to do so, alleging want of funds, and by letter requested the plaintiffs to keep the bill insured. The defendants claim that the plaintiffs agreed to do so, but this the plaintiffs deny. Whether there is any evidence that would warrant the jury to find that the plaintiffs did so agree it is unnecessary to inquire, for, if they did it would be a new and independent agreement, and in no way a part of the consideration for the original contract ; and damages sustained by reason of its breach would not be a proper matter of recoupment. *Sawyer* v. *Wiswell*, 9 Allen, 42 ; *Dorr* v. *Fisher*, 1 Cush. 275 ; *Winthrop Savings Bank* v. *Jackson*, 67 Maine, 570.

Exception is taken to the admission of the deposition of Partridge on the ground that he was present in court. It was offered and admitted as an admission by him of his liability. As such it was clearly admissible.

The motion to set aside the verdict is not relied upon.

*Exceptions and motion overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.